UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES – GENERAL

Case No. 2:25-cv-07039-JLS-MAR                                     Date: October 28, 2025
Title: Timothy G. Galaviz v. General Motors, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (Doc. 13)**

Before the Court is a Motion to Remand filed by Plaintiff Timothy Galaviz. (Mot., Doc. 13.) Plaintiff opposed, and Defendant replied. (Opp., Doc. 16; Reply, Doc. 19.) Having taken this matter under submission, and for the following reasons, the Court GRANTS Plaintiff's Motion.

### I. BACKGROUND

On March 6, 2025, Plaintiff Timothy Galaviz filed this action against Defendant General Motors, LLC in Los Angeles County Superior Court, alleging violations of California's Song-Beverly Act and the federal Magnuson-Moss Warranty Act arising out of his 2022 purchase of a 2022 Chevrolet Silverado 1500 (the "Subject Vehicle"). (*See* Ex. A to NOR, Compl., Doc. 1-1.) Plaintiff's Complaint states that he is a resident of Tulare, California. (*Id.* ¶ 2.) Plaintiff's Complaint seeks actual damages, restitution, a civil penalty in the amount of two times plaintiff's actual damages, costs, attorneys' fees, and other forms of relief, but does not specify the amount of relief sought. (*Id.* at 17.) Plaintiff served the Complaint on Defendant on March 10, 2025. (Yang Decl. ¶ 5, Doc. 13-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                                          Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

      On June 23, 2025, Plaintiff served initial disclosures on Defendant ("June Disclosures"), including the Retail Installment Sales Contract ("RISC") for the Subject Vehicle and repair orders.  (*Id.* ¶ 7; Wynsma Decl. ¶ 2, Doc. 16-1; Ex. 2 to Yang Decl., RISC.)  The RISC indicated that the total purchase price of the Subject Vehicle was $75,387.40 and its total cash price was $58,371.42. (RISC.)  On July 26, 2025, Plaintiff served additional disclosures on Defendant, including his history of loan payments for the Subject Vehicle.  (Wynsma Decl. ¶ 5.)  Plaintiff certified that his initial disclosures were complete on July 29, 2025.  (*Id.*)

      On July 30, 2025, Defendant removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (NOR at 3, Doc. 1.)  Defendant avers that complete diversity exists, and the amount in controversy is satisfied.  (*Id.* at 5–6.)  Defendant estimates actual damages of $74,887.40 (calculated from an estimated purchase price of $75,387.40 and $500 in deductions), civil penalties of up to two times Plaintiff's actual damages, and attorneys' fees of $5,000.  (*Id.* at 5–6.)

      On August 15, 2025, Plaintiff filed a Motion to Remand, arguing that Defendant's removal was untimely because Defendant did not remove the action within thirty days after the case became removable as required by 28 U.S.C. § 1446.  (Mot.)  Plaintiff contends that service of the Complaint triggered Defendant's thirty-day removal window.  (*Id.* at 8–10.)  Alternatively, Plaintiff contends that his June Disclosures to Defendant triggered Defendant's thirty-day removal window, yet Defendant removed this action thirty-seven days after receiving Plaintiff's productions.  (*Id.* at 10.)  Plaintiff also requests attorneys' fees.  (*Id.* at 12.)  Defendant opposed, arguing that removal was timely because both the Complaint and Plaintiff's June Disclosures were indeterminate as to citizenship and amount in controversy.  (Opp.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-07039-JLS-MAR | Date: October 28, 2025 |
| Title:  Timothy G. Galaviz v. General Motors, LLC et al | |

## II.     LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  But where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).  Under § 1446(b)(3), the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                        Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

### III.  ANALYSIS

#### A.  Timeliness of Removal

Defendant argues that removal is timely because neither the service of the Complaint nor the June Disclosures involving the RISC and repair orders, which both occurred more than thirty days before removal, set forth the grounds for this Court's diversity jurisdiction.  (*See* Opp. at 21–25.)  Specifically, Defendant argues that Plaintiff's citizenship and the amount in controversy were indeterminate from the documents provided.  (*Id.*)  Plaintiff counters that the June Disclosures made this Court's diversity jurisdiction "unequivocally clear and certain."[1]  (Reply at 4–5); *Dietrich*, 14 F.4th at 1091.  The Court agrees with Plaintiff.

##### 1.  Citizenship

Defendant contends that Plaintiff's citizenship was not clear from the face of the Complaint, because Plaintiff alleges only his California residency, not his intent to remain in California.  (Opp; Compl. ¶ 2.)  But Defendant ignores that the Complaint includes the allegation that "Plaintiff is, *and at all times relevant herein was*, a resident of Tulare, CA."  (Compl. ¶ 2 (emphasis added)); *see Ervin v. Ballard Marine Constr., Inc.*, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016) (finding that the complaint triggered the defendant's thirty-day window to remove based on diversity because it stated that the plaintiff was a resident of Oregon "[a]t all times material hereto").  Further, the RISC included within the June Disclosures lists Plaintiff's Tulare, California address.  (*See* RISC.)  Defendant therefore could discern upon receiving the June Disclosures that

---

[1] Because the Court finds that its jurisdiction was "clear and certain" more than thirty days before removal on diversity grounds, it does not address Plaintiff's argument that federal question jurisdiction was also clear under the Magnuson-Moss Warranty Act.  (Mot. at 7–10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                                        Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

Plaintiff lived in Tulare, California on September 22, 2022, when he bought the Subject Vehicle, and still lived in Tulare on March 6, 2025, when he filed the Complaint.  Such information was sufficient for Defendant to determine Plaintiff's California domicile, and therefore his citizenship.  *See Brady v. Kohl's, Inc.*, 2022 WL 4104627, at *3 (C.D. Cal. Sept. 7, 2022) (reasoning that the defendant was on notice of the plaintiff's California citizenship after receiving responses stating that the plaintiff had lived and worked in California for the past five years); *see also El-Said v. BMW of N. Am., LLC*, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (Staton, J.) ("[T]he sales contract [indicated] that the parties' citizenship is diverse" because "[t]he sales contract lists a San Bernardino County address for the plaintiff[.]").

### 2.        Amount in Controversy

The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorneys' fees.  Cal. Civ. Code § 1794(a)–(d).  Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code §§ 1793.2(d)(1) and (2).  Actual damages are therefore not determinate, and the thirty-day timeline to remove is not triggered, until a document reveals "information as to the amount actually paid for the vehicle … *i.e.*, the total cash price," and "information from which the vehicle's mileage use offset can be determined."  *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (Staton, J.).  The mileage use offset can be determined "based on the vehicle's mileage prior to the buyer first delivering it for repair."  *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).

Defendant received the Subject Vehicle's RISC, which included its total cash price, and Plaintiff's repair orders on June 23, 2025, thirty-seven days before removal.  (Yang Decl. ¶ 7; Wynsma Decl. ¶ 2; RISC.)  Defendant contends that the June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR　　　　　　　　　　　　　Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

Disclosures were indeterminate as to the amount in controversy because they "provided only the purchase price—not the value of other necessary offsets." (Opp. at 16.)

Defendant first argues that it was unable to calculate the mileage offset despite receiving the repair orders from Plaintiff. (Opp. at 24; Wynsma Decl. ¶ 2.) Specifically, Defendant argues that it could not ascertain from the repair orders which repairs were relevant to the action, because the Complaint broadly alleges that the defects "include but are not limited to … electrical and engine defect." (Opp. at 24; Compl. ¶ 12.) However, Defendant does not explain which specific repairs presented ambiguity. And Defendant does not provide the Court with the repair orders it received, so the Court cannot determine that it was indeed unclear whether the repairs were related to the electrical and engine defects alleged in the Complaint. *See Gaus*, 980 F.2d at 566 ("[T]he defendant always has the burden of establishing that removal is proper."); *see also Penaloza v. General Motors, LLC*, 2025 WL 2701875, at *3 (C.D. Cal. Sept. 23, 2025) ("Had Defendant identified what *specific* information was absent[]—such as repair orders that were subsequently provided at a later date—which rendered it impossible to calculate actual damages … the Court might be persuaded.") (emphasis in original). Defendant also argues that it did not know which repair was the first repair because Plaintiff, in providing the repair orders, stated only that he was unaware of other "[d]ates and mileages for presentations that are not included in the provided repair orders," instead of stating that the repair history was complete. (Opp. at 24; Wynsma Decl. ¶ 3; Ex. A to Wynsma Decl. at 3, Doc. 16-2.) The Court is not persuaded by this argument. Thirty-seven days before removal, Defendant had Plaintiff's repair orders and a statement from Plaintiff that he was unaware of other repairs. Such information allows for the calculation of the mileage offset. *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1002–03 (C.D. Cal. 2021) (finding that a single repair order was sufficient evidence of the first repair for the mileage offset calculation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                    Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

Defendant further contends that the June Disclosures did not identify the amount of Plaintiff's unpaid finance charges, which it argues alters the actual damages calculation as a result of the January 1, 2025 amendments to the Song-Beverly Act. (Opp. at 24.)  Defendant is correct that the damages calculation should exclude unpaid finance charges.  *See Alvarado v. Fca US, LLC*, No. 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017).  However, courts—including this Court—have routinely found that, for purposes of determining whether the amount in controversy is sufficient for diversity jurisdiction, the damages calculation can use the total cash price in the RISC, which excludes finance charges altogether.[2]  *See Covarrubias*, 2025 WL 907544, at *3 (finding the amount in controversy satisfied using the total cash price in the RISC); *Messih v. Mercedes-Benz*, 2021 WL 2588977, at *4 (N.D. Cal. June 24, 2021) ("Courts … have found total cash price appropriate in calculating actual damages sought under the Song-Beverly Act."); *Luna v. FCA US LLC*, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021) ("[T]he Court cannot determine whether Plaintiff has paid all the finance charges that are included in the total sale price of the Vehicle …. [I]t is more appropriate to use the total cash price listed in the Retail Sales Installment Contract.").  The recent Song-Beverly amendments in California Code of Civil Procedure § 871.27 do not require otherwise.  Notably, § 871.27 does not classify unpaid financing as an offset to which Defendant is entitled, despite explicitly classifying other values as offsets.  *See, e.g.*, Cal. Civ. Proc. Code § 871.27(c) ("The defendant is entitled to an offset for negative equity.").  Instead, § 871.27(f) confirms that "[t]he defendant shall not be responsible for the payment of unpaid interest or unpaid financing costs associated with the retail installment sales contract."[3]  Accordingly, the total cash price in the RISC, which already

---

[2] Perhaps in a case where the total cash price of a vehicle plus penalties and attorneys' fees would be insufficient to reach the $75,000 threshold, a defendant could not determine whether to remove until after it had sufficient information to calculate actual finance charges. That is not this case, and the Court need not decide that issue here.

[3] Defendant further argues that Plaintiff's loan payment history is statutorily required to calculate damages, but § 871.26 applies only to document production, not damages calculations. (Opp. at 24); Cal. Civ. Proc. Code § 871.26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                           Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

excludes unpaid financing costs, allows for the calculation of actual damages in compliance with § 871.27.  Here, the total cash price of $58,371.42, less the $2,962 Plaintiff paid for a third-party service contract, produces a preliminary amount of actual damages of $55,409.42.  (RISC); s*ee* Cal. Civ. Proc. Code § 871.27(b)(1) ("[S]ervice contracts … supplied by a third party … are not recoverable as damages[.]").  Subtracting from that amount an additional $500, which represents Defendant's estimate of offsets, produces a final estimate of $54,909.42 in actual damages.  (NOR at 5.)

Defendant next argues that civil penalties are indeterminate because actual damages are indeterminate.  (Opp. at 24.)  As already discussed, however, actual damages are ascertainable from the June Disclosures.  Because the Complaint alleges Defendant's willful behavior and includes a request for civil penalties in the amount of two times Plaintiff's actual damages, Defendant could also ascertain the civil penalties at issue.  *See Lopez v. Ford Motor Co.*, 2020 WL 1922588, at *2 (C.D. Cal. Apr. 21, 2020) (Staton, J.) ("[I]t is facially apparent from the Complaint that plaintiffs, under their prayer for actual damages and a civil penalty alone, have placed more than $75,000 at issue in this dispute.").  The June Disclosures were therefore sufficient to make the total amount in controversy ascertainable.[4]

Because Defendant could ascertain complete diversity of citizenship and an amount in controversy exceeding $75,000 from the June Disclosures yet did not remove within thirty days of receiving those disclosures, Defendant's removal was untimely.  Plaintiff's motion to remand is therefore GRANTED.

---

[4] Because the Court finds that the amount in controversy was ascertainable based on actual damages and civil penalties, the Court does not address Defendant's argument regarding attorneys' fees.  (*See* Opp. at 25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07039-JLS-MAR                                  Date: October 28, 2025
Title:  Timothy G. Galaviz v. General Motors, LLC et al

  **B.**  **Attorneys' Fees**

  Plaintiff requests attorneys' fees incurred as a result of Defendant's untimely removal under 28 U.S.C. § 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Although the Court rules against Defendant, its arguments that removal was timely are not objectively unreasonable.  Plaintiff's request for fees and costs is therefore DENIED.

**IV.**  **CONCLUSION**

  For the above reasons, Plaintiff's Motion is GRANTED.  This action is hereby REMANDED to the Los Angeles County Superior Court, Case No. 25STCV06296.

                 Initials of Deputy Clerk: kd